IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MORTGAGE ELECTRONIC          :       No. 3:04cv2385
REGISTRATION SYSTEMS, INC.,    :
                 **Plaintiff**    :       **(Judge Munley)**
                              :
     **v.**                            :
                              :
**CARL SILVERSTEIN and**        :
**TERRY SILVERSTEIN,**         :
            **Defendants**    :

## MEMORANDUM

Before the court for disposition are: 1) a motion to dismiss the instant complaint for failure to join an indispensable party; and 2) a motion for cross claims and to join additional parties. Both motions were filed by Defendants Carl and Terry Silverstein. The matters have been fully briefed and are ripe for disposition. For the following reasons, the motions will be denied, but the case shall be stayed.

**Background[1]**

On June 15, 1995, defendants entered into a mortgage with Chase Manhattan Mortgage Corporation. By an "Assignment of Mortgage" recorded on November 3, 2003, the mortgage was assigned to Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS"). The mortgage is in default as plaintiffs have failed to make their monthly payments since July 1, 2001. The amount due on the mortgage, including late charges and attorney's fees, is $159,765.86. Accordingly, plaintiff filed the instant mortgage foreclosure action. The complaint contains the following two counts: 1) Mortgage foreclosure;

---

[1]The background facts are derived from the plaintiff's complaint.

and 2) Assumpsit.

Defendants have filed two motions: 1) a motion to dismiss for failure to join an indispensable party; and 2) a motion for cross-claims against and to join various persons and entities.  For the reasons that follow, the motions will be denied.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a Virginia corporation with a principal place of business in McLean, Virginia, and the defendants are citizens of Pennsylvania residing at 2033 Skyview Terrace, Mount Pocono, Pennsylvania.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

We will discuss defendants' two motions separately.

**I.  Motion To Dismiss for Failure to Join an Indispensable Party**

Defendants' first motion asserts that Chase Manhattan Mortgage Corporation, Inc. ("Chase") should be named as a plaintiff in this action, or the case should be dismissed.  After a careful review, we are unconvinced.

Federal Rule of Civil Procedure 12(b)(7) provides for dismissal of a complaint based upon the failure to join an indispensable party under Rule 19.  Persons who should be joined include those who are needed for complete relief to be afforded and those who have an interest in the subject matter of the lawsuit, which they will not be able to protect or where there is a substantial risk of the person incurring multiple or inconsistent obligations.  Specifically,  Rule 19 provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action. . . .

FED. R. CIV. P. 19

Defendants' position is that Chase needs to be joined as a party as that is the entity with which it entered into the note.  The instant action, defendants assert, is intertwined with a case that they have filed alleging Racketeer Influenced and Corrupt Organizations Act ("RICO") related fraud associated with this very loan.  This second case is docketed in United States District Court for the Middle District of Pennsylvania at 3:04cv1262.  We find that Chase does not fall into either class of persons who should be joined.  Chase is not needed for complete relief to be afforded.  The contract has been assigned to the plaintiff, Chase is not necessary at all.  See 7 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 1613, at 185 (2001) (explaining that generally an assignor of rights and liabilities under a contract is not needed for a just adjudication of a suit brought by the assignee).  Moreover, Chase has no interest that will be affected by this lawsuit.  Accordingly, we will deny defendants' motion to dismiss for failure to join an indispensable party.

### II.  Motion for cross claims against and to join additional parties

3

The second motion filed by the defendants is a "Motion for Cross Claims Against and To Join Additional Parties." As stated above, defendants have another lawsuit pending before the court where they are suing Chase and others for RICO related fraud involving the mortgage at issue in the instant case. They seek to join the parties of that action into this case and assert cross-claims against them. These parties are Gene Percudani, Chase Manhattan Mortgage Corp., Chapel Creek Homes, Inc., Raintree Homes, Inc., Homes By Vintage, Inc., Y-Rent, Chapel Creek Mortgage Banker, Inc., George D. Miller and William Spaner. See Doc. 6, Defendants' Motion at 2.

Defendants have made no convincing arguments regarding the joinder of these parties. They are part of a separate and distinct lawsuit. The claims that defendants have against these parties will be addressed in that case, and need not be brought into this case. However, because the mortgage at issue is involved in the lawsuit filed by the defendants, Silverstein v. Percudani, et al., 3:04cv1262, we shall stay this case until the resolution of that case. Plaintiffs shall have ten (10) days from the conclusion of that case to petition the court to lift the stay on this case or this case will be dismissed.

**Conclusion**

For the foregoing reasons, the defendants' motions will be denied, and this case shall be stayed. An appropriate order follows

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC | : | No. 3:04cv2385 |
| REGISTRATION SYSTEMS, INC., | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| CARL SILVERSTEIN and | : | |
| TERRY SILVERSTEIN, | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 29th day of August 2005, the defendants' motion for cross-claims and to

join (Doc. 6) and their motion to dismiss (Doc. 5) are hereby **DENIED**.

This case is hereby **STAYED** pending the resolution of Silverstein v. Percudani, et al., 3:04cv1262.

Plaintiff shall petition to lift the stay of this case within ten (10) days of the resolution of case number

3:04cv1262, or this case will be dismissed.

BY THE COURT:


s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

5